**DEAN, Plaintiff-Appellee, v. DEAN et, Defendants-Appellants.**

Ohio Appeals, Second District, Fayette County.

No. 284. Decided April 25, 1957.

Shoemaker, George & Hill, Columbus, By Fred Shoemaker, of Counsel, for plaintiff-appellee.

Robins, Metcalf & Alton, Columbus, By Jack R. Alton, of Counsel, for defendants-appellants.

## OPINION

By CRAWFORD, J:

This is noted as an appeal on questions of law and on questions of law and fact. However, both sides presented and submitted the case as an appeal on questions of law only, and it will therefore be so dealt with in this decision. The case is submitted upon the evidence contained in the transcript of testimony taken at the trial.

Plaintiff-Appellee, Edwin W. Dean, and the defendant-appellant, George Rodney Dean, are brothers. In March of 1946 their grand-

mother conveyed a property located at 812 Ebner Street in Columbus, Ohio, for the sum of $4,500.00. Title was taken in the name of George Rodney Dean, in whose name also a mortgage of $4,500.00 was obtained to finance the purchase. The property was sold on December 7, 1951 for the sum of $7,000.00, which was $3,573.49 in excess of the balance owing on the mortgage and the expenses of sale.

Plaintiff-appellee alleged in his petition that the purchase and ownership of the premises constituted a joint enterprise and that it was orally agreed: that for reasons of convenience, title was to be taken temporarily in the name of George Rodney Dean only; that each would share "one-half of the mortgage payments, repairs and water bills and any and all expenses resulting from ownership of said premises;" and that when the plaintiff-appellee was graduated from Ohio State University, the defendants-appellants, George Rodney Dean and his wife, Louise Dean, would convey to him title to an undivided one-half interest.

The petition further alleged that the premises comprised a duplex; that plaintiff-appellee lived in the upper, and the defendants-appellants in the lower apartment and that the parties shared equally in the mortgage payments and expenses as agreed;

But that when he was graduated, defendants-appellants refused to convey to him his undivided one-half interest but instead, and without his knowledge or consent, conveyed the premises to one Leslie Gordan;

That he is not familiar with the terms of the sale to Leslie Gordan and has received nothing for his undivided one-half interest in the property and that the defendants-appellants used the proceeds of the sale to purchase their present property in Fayette County, Ohio.

The prayer of the petition is for an accounting and distribution in accordance with the agreement and for the declaration and enforcement of an equitable trust in favor of the plaintiff-appellee in the Fayette County property of defendants-appellants.

Defendants-appellants answered, admitting the purchase of the Columbus property in the name of George Rodney Dean and his execution of the $4,500.00 mortgage; alleging that the parties orally agreed to share equally all expenses and profits, and asserting that such agreement is unenforceable under the statute of frauds.

They also filed a cross-petition alleging that the plaintiff-appellee lived in the upstairs apartment while they themselves lived in the downstairs apartment; that plaintiff-appellee rented part and later all of the upstairs apartment; that after a time they also rented the downstairs apartment; but at a much less rental than was obtained for the upper one, the difference being attributed to O. P. A. regulations then in force, and that they expended the sum of $758.00 for repairs and expenses. They prayed for judgment based upon a division of these repairs and an equalization of the rentals between the upper and lower apartments.

The trial court found that the parties had agreed to and did purchase together the Columbus property from their benevolent grandmother, solely upon the condition that each grandson would own an undivided one-half interest in the same; that although the title was

taken and the mortgage given in the name of George Rodney Dean for reasons of convenience, they were in fact co-owners and in accordance with the agreement paid equally upon the mortgage and shared equally the expenses and the cost of improvements upon the outside of the house; that further in pursuance of the agreement plaintiff-appellee exercised complete dominion over the upper apartment and made certain repairs thereon solely in accordance with his own desires, and at his own expense; that defendants-appellants exercised complete dominion over the lower apartment and made certain repairs thereon solely in accordance with their own desires, and at their own expense, and that these acts constituted sufficient part performance to take the oral agreement out of the statute of frauds.

The court further found that there was no agreement as to division of rents, so that each brother was entitled to retain the rent received from the apartment occupied and managed by him.

The court therefore awarded judgment to the plaintiff appellee for $1,768.74 with interest, the principal sum being one-half of the net proceeds of the sale, which amounted to $3,573.49; impressed an equitable lien in favor of plaintiff-appellee upon defendants-appellants' present property in Fayette County for the amount of the judgment; dismissed the cross-petition of the defendants-appellants, and assessed the costs against them.

Defendants-appellants made the following assignments of error:

"1. The Court erred in its findings of facts.

"2. The Court erred in imposing an equitable lien on the property of Defendants-Appellant.

"3. The Court erred in dismissing the Cross Petition of Defendants-Appellant.

"4. The Court erred in rendering Judgment for Plaintiff.

"5. Other errors apparent on the face of the record."

As to assignments Nos. 1, 3 and 4, the evidence amply supports the findings of fact; and the facts so found clearly constitutes sufficient part performance of the oral agreement to render it enforceable under the provisions of the statute of frauds.

Assignment No. 2, questions the granting of an equitable lien. The record shows that defendants-appellants gave a supersedeas bond in the sum of $2,000.00, payable to plaintiff-appellee, conditioned according to §2505.14 R. C., whereupon the trial court cancelled and held for naught the equitable lien previously decreed. Hence, this issue is no longer in the case.

As to assignment No. 5, there being no errors apparent upon the face of the record,

The judgment is affirmed.

HORNBECK, PJ, WISEMAN, J, concur.